## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTONIO RUSSELL,** | ) | |
| **AIS # 185676,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:19-01025-JB-N** |
| | ) | |
| **CYNTHIA STEWART,** *Warden,* | ) | |
| *et al.,* | ) | |
|     **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Antonio Russell, an Alabama inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983 (Doc. 10). The District Judge assigned to this case referred this action to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate resolution. (*See* 6/18/2020 electronic reference). Plaintiff failed to prosecute and to comply with the Court's Orders. (*See* Docs. 23, 27). Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**.

On July 7, 2021, the Court issued an Order directing Plaintiff to file a response in opposition to Defendants' motion for summary judgment. (Doc. 23, PageID.134). The Court also ordered Plaintiff "to inform this Court in writing if Plaintiff desires to continue the litigation of this action." (Doc. 23, PageID.136). In granting Defendants' subsequent request for an extension of their deadline to file a sworn affidavit as a supplement to their motion for summary judgment, the Court *sua sponte* extended Plaintiff's deadline to file a response in opposition until September 13, 2021. (Doc.

27).

Plaintiff has not filed anything in response to these Orders from the Court. These Orders were not returned to the Court as undeliverable. The Court's search of Plaintiff's name and AIS number in ADOC's directory of inmates[1] revealed that Plaintiff is still located at the address on record. The Court warned Plaintiff that "[f]ailure to respond by the above-stated date will be considered by the Court as an abandonment of the prosecution of this case by the Plaintiff and this case will be dismissed." (Doc. 23, PageID.136). Due to Plaintiff's disregard this warning, the Court construes Plaintiff's failure to respond to Defendants' motion for summary judgment and lack of a written notice of his desire to proceed with this action as indication that he is no longer interested in prosecuting this case.

As a consequence of Plaintiff's failure to comply with the Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456–57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d

---

[1] http://www.doc.state.al.us/inmatesearch (last accessed September 30, 2021)

1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to Plaintiff at St. Clair Correctional Facility, 1000 St. Clair Rd., Springville, AL 35146.

**DONE** this the 30th day of September 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.